FLETCHER, Judge.
Henry Richardson petitions this Court for a writ of habeas corpus. For the reasons explained below, we deny the writ and remand this case to the trial court to hold an evidentiary hearing on Richardson’s ineffective assistance of counsel claim.
*648 Richardson claims his attorney-failed to pursue an appeal for him as requested. There is nothing in the record to contradict this, and there is also no record of an express reservation of appeal in the transcript. However, the transcript of the plea colloquy records the judge telling Richardson that he waived his right to an appeal by taking the plea, Transcript at 128, and a few sentences later that “you [Richardson] have thirty days from today to contest the amount of today’s sentence.” Transcript at 129. This apparent contradiction may have confused the defendant regarding his ability to pursue an appeal. The State has acknowledged this potential confusion. We follow its recommendation and remand to the lower court for an evidentiary hearing on this matter.
Richardson’s remaining claims are without merit as they are conclusively refuted by the record. Richardson’s claim that he never received written notice of the State’s intent to habitualize and thus his plea was involuntary is belied by the record which shows that the State indeed filed a written notice of enhancement. Furthermore, this is not an issue cognizable on habeas but rather via rule 3.850 petition, and Richardson is still within (barely) the window for filing such a petition for relief.
We deny the habeas petition without prejudice for defendant to submit a rule 3.850 petition if he wishes to pursue withdrawal of his plea, remand the first issue to the lower court for an evidentiary hearing, and affirm all remaining points.
Affirmed in part, remanded in part.